WILLIAM A. STEVENS, attorney-general of New Jersey, complainant,

*v.*

PEOPLE'S HOME JOURNAL, INCORPORATED, a New Jersey corporation, et al., defendants.

[Decided April 24th, 1931.]

*Messrs. Milberg & Milberg,* for the complainant.

*Mr. M. Casewell Heine, pro se,* for the receiver.

BACKES, V. C.

The receiver agreed to sell to one Reid, trustee, the defendant company's assets or some part of them, and Reid paid $4,000 earnest money but failed to pay the balance, and upon due notice to him the court abrogated the contract and forfeited the money to the receiver for his expenses and damages which exceeded that sum. Now, the Eastern Distribution Corporation petitions that the $4,000 be returned to it because it was advanced by it to Reid as trustee for the purpose of making the down payment and upon his promise to return it upon the consummation of the sale and upon the publication and the delivery to the petitioner of the July issue of the People's Home Journal. The defendant had been the publisher of that magazine and the petitioner had been the distributor. Reid, as trustee for a group, negotiated with the receiver for its purchase for the purpose of continuing the publication and to that end the petitioner ad-

vanced the money, obviously, that it may continue to be distributor.

The petitioner claims the return of the money on the theory that it was held by Reid in trust, of which the receiver had notice. Upon what trust? Upon none other than the one to which the trustee was to, and did, apply it—the payment of the down-money. As between him and the petitioner, he held the money in trust for his group and for the petitioner until he paid it over in discharge of the trust. Reid's failure to pay when the deal fell through may give rise to an action *in assumpsit* for a breach of promise, but none for a breach of trust.

The petition will be dismissed.